IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERSON ARNOLD McGEE, | No. CIV S-11-2554-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner, who does not appear to be a state prisoner, brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).  Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that petitioner is not entitled to federal habeas relief.

/ / /

1    This is petitioner's second federal habeas petition wherein he is attempting to
2 challenge his May 16, 2005, conviction out of Sacramento County.  The court takes judicial
3 notice of his first petition, filed in case 2:10cv0137-KJM.[1]  As in his first habeas, petitioner fails
4 to show this court has jurisdiction to hear his petition.
5    This court has jurisdiction to hear a 28 U.S.C. § 2254 petition only if the
6 petitioner is in state custody and if he alleges he is in custody in violation of federal law, or the
7 length of his sentence violates federal law.  Here, petitioner indicates that he pled guilty to the
8 charge of brandishing a weapon.  He was sentenced to serve three years probation and ten days
9 community service. (See Pet., Doc. 1, at 1).  He filed this petition on September 28, 2011, and
10 indicates that his current address is a residential address in Sacramento.  There is nothing in the
11 petition to indicate he is currently incarcerated, on probation, or on parole.  Nor is there any
12 indication that the term of his probation was revoked or extended.  Rather, it appears that he has
13 been discharged from his sentence.  Indeed, the court determined in petitioner's prior case that
14 his arguments that he refused to pay his restitution fine and faces collateral consequences do not
15 render him "in custody" as of the time he commenced the action.  (See 2:10cv0137-KJM, Doc.
16 6).  In addition, petitioner appealed the court's prior determination and the Ninth Circuit Court of
17 Appeals determined "the appeal is so insubstantial as to not warrant further review" and
18 petitioner was not permitted to proceed with his appeal.  (See 2:10cv0137-KJM, Doc. 12).
19    Petitioner has not presented the court with any further information to render the
20 determination that he fails meets the "in custody" requirements of 28 U.S.C. § 2254 erroneous.
21 The undersigned therefore finds this case must be dismissed.  See Maleng v. Cook, 490 U.S. 488,
22 490-91 (1989).
23 / / /

---

[1] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).  Thus, this court may take judicial notice of its own records.  See Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

1  Based on the foregoing, petitioner is required to show cause in writing, within 30
2  days of the date of this order, why his petition for a writ of habeas corpus should not be
3  summarily dismissed for lack of jurisdiction.  Petitioner is warned that failure to respond to this
4  order may result in dismissal of the petition for the reasons outlined above, as well as for failure
5  to prosecute and comply with court rules and orders.  See Local Rule 110.
6  IT IS SO ORDERED.

DATED: April 11, 2012

 _____
 **CRAIG M. KELLISON**
 UNITED STATES MAGISTRATE JUDGE