1
2
3
4
5
6
7
8               **IN THE UNITED STATES DISTRICT COURT**
9             **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11  JEFFERSON ARNOLD McGEE,            No. 2:11-cv-2554-CMK-P
12              Petitioner,
13       vs.                          <u>ORDER</u>
14  ATTORNEY GENERAL OF THE
    STATE OF CALIFORNIA,
15
                Respondent.
16  _____/

17          Petitioner, who does not appear to be a state prisoner, brings this pro se petition

18  for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to Magistrate

19  Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared

20  in the action.

21          The court issued petitioner an order to show cause why this case should not be

22  dismissed for lack of jurisdiction.  The court informed petitioner that this court only has

23  jurisdiction to hear a 28 U.S.C. § 2254 petition if the petitioner is in state custody and if he

24  alleges he is in custody in violation of federal law, or the length of his sentence violates federal

25  law.  Petitioner is no longer in custody, nor does it appear that he is on probation or parole.

26  Thus, he fails to meet the "in custody" requirement of 28 U.S.C. § 2254.

1    Petitioner has filed a response to the order to show cause.  In his response,

2  petitioner states that he served respondent with a copy of his petition, and respondent failed to

3  file a responsive pleading objecting to his petition.  He disputes the court's determination that he

4  fails to meet the "in custody" requirement, thus divesting this court of jurisdiction, on the basis

5  that the respondent has not objected to his petition.

6    Rule 4 of the Federal Rules Governing Section 2254 Cases requires the court to

7  review any petitions filed to determine if it plainly appears from the petition and any attached

8  exhibits that petitioner is not entitled to relief.  If the court determines that it does not plainly

9  appear that petitioner is not entitled to relief, the respondent is then directed to file a response to

10  petitioner's petition.  See id.  The respondent is not obligated to file a response until the court so

11  orders.  See id.  Thus, the fact that respondent has not objected to petitioner's filings has no

12  effect on the court's jurisdiction.

13    As stated in the court's prior order, petitioner has not presented the court with any

14  further information to render the determination that he fails meets the "in custody" requirements

15  of 28 U.S.C. § 2254 erroneous.  The undersigned therefore finds this case must be dismissed.

16  See Maleng v. Cook, 490 U.S. 488, 490-91 (1989).

17    Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the

18  court has considered whether to issue a certificate of appealability.  Before petitioner can appeal

19  this decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c); Fed. R. App. P.

20  22(b).  Where the petition is denied on the merits, a certificate of appealability may issue under

21  28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

22  constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of

23  appealability indicating which issues satisfy the required showing or must state the reasons why

24  such a certificate should not issue.  See Fed. R. App. P. 22(b).  Where the petition is dismissed

25  on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1)

26  'that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)). For the reasons stated above, the court finds that issuance of a certificate of appealability is not warranted in this case.

Accordingly, IT IS HEREBY ORDERED that:

1.      This action is dismissed;

2.      The court declines to issue a certificate of appealability; and

3.      The Clerk of the Court is directed to close this case.

DATED:  April 23, 2014

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE